AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

18 U.S.C. Section 1343 (Wire Fraud); 18 U.S.C. Section 981(a)(1)(C), 28 U.S.C. Section 2461(c) (Forfeiture)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 20 years imprisonment; fine $250,000 or twice the gross gain or loss, whichever is greater; $100 special assessment; restitution.

### DEFENDANT - U.S

▶ ROBIN M. O'CONNOR

DISTRICT COURT NUMBER
CR 11 0814 JW

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
   N.D. Cal. 3-11-70747

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
3-11-70747

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Thomas E. Stevens

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| UNITED STATES OF AMERICA, | ) No. CR 11 0814 |
|---|---|
| Plaintiff, | ) |
| v. | ) VIOLATIONS: |
| | ) 18 U.S.C. § 1343 (Wire Fraud); |
| ROBIN M. O'CONNOR, | ) 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. |
| | ) § 2461(c) (Forfeiture) |
| Defendant. | ) |
| | ) SAN FRANCISCO VENUE |

## INFORMATION

The United States Attorney charges that, at all relevant times:

1. Defendant ROBIN M. O'CONNOR lived in American Canyon, California, and worked as a payroll manager for San Francisco Baseball Associates LP, owner of the San Francisco Giants Baseball Club (the Giants) at their headquarters in San Francisco, California.

2. From in or about June, 2010, through in or about June, 2011, defendant embezzled approximately $2.2 million from the Giants and Giants employees by diverting funds into defendant's personal bank accounts through various means.

3. Defendant carried out the scheme by causing multiple electronic fund transfers, which traveled in interstate commerce, to be made from a bank account controlled by the Giants,

**INFORMATION**

1  to her personal bank accounts.

2  COUNT ONE: (18 U.S.C. § 1343 – Wire Fraud)

3      4.    Paragraphs 1 through 3 are realleged and incorporated as if fully set forth here.

4      5.    On or about September 15, 2010, in the Northern District of California and
5  elsewhere, the defendant,

6                    ROBIN M. O'CONNOR,

7  having devised and intending to devise a scheme and artifice to defraud, and for obtaining money
8  and property by means of false and fraudulent pretenses, representations, and promises, did
9  knowingly transmit and cause to be transmitted a wire communication in interstate and foreign
10 commerce, namely, an electronic funds transfer of $286,427.77, in violation of Title 18, United
11 States Code, Section 1343.

12 FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

13     6.    The allegations in paragraphs 1 through 5 of this Information are realleged and
14 fully incorporated here for the purpose of alleging forfeiture pursuant to the provisions of 18
15 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

16     7.    Upon a conviction of the offense alleged in Count One, the defendant,

17                   ROBIN M. O'CONNOR,

18 shall forfeit to the United States all right, title, and interest in property constituting and derived
19 from proceeds traceable to violations of 18 U.S.C.§ 1343 (Wire Fraud), as alleged in Count One
20 of this Information, including but not limited to the following property:

21     (a)    Money Judgment: a sum of money equal to the gross proceeds obtained as
22 a result of the offense.

23     (b)    Vehicles:

24         1.    2011 BMW 335; registered owner Robin O'Connor; VIN WBAPN7C53BA780117; California license plate 6PJZ020;

25

26         2.    2011 Ford F150 SVT Raptor; registered owner N.O.; VIN 1FTFW1R68BFA21054; California license plate 45757B1.

27

28 **INFORMATION**

(c) Currency:

1. $129,137.95, seized from Wells Fargo account # 596-xxx5491 on July 8, 2011;

2. $395,000, seized from Wells Fargo account # 981-xxx8427 on July 8, 2011;

3. $41,565.89, seized from Wells Fargo account #647-xxx4735 on July 8, 2011.

8. If any of the forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

any and all interest the defendant has in other property, up to value of the property described in paragraph 8(a) above, shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 28, United States Code, § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: November ___, 2011

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

Approved as to form:

_____
THOMAS E. STEVENS
Assistant United States Attorney

**INFORMATION**

3